UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------X
:
BRUCE RIGGS, Individually, and on Behalf of :
All Others Similarly Situated, :
:
Plaintiff, :    Civ. No. 03 CV 12500 (WGY)
:
vs. :
:
MASSACHUSETTS FINANCIAL SERVICES :
COMPANY, MFS INVESTMENT :
MANAGEMENT, SUN LIFE FINANCIAL, INC., :
MFS SERIES TRUST I, MFS SERIES TRUST II, :
MFS SERIES TRUST III, MFS SERIES TRUST IV, :
MFS SERIES TRUST V, MFS SERIES TRUST VI, :
MFS SERIES TRUST VII, MFS SERIES TRUST :
VIII, MFS SERIES TRUST IX, MFS SERIES :
TRUST X, MFS SERIES TRUST XI, MFS :
CAPITAL OPPORTUNITIES FUND, MFS CORE :
GROWTH FUND, MFS LARGE CAP GROWTH :
FUND, MFS MANAGED SECTORS FUND, MFS :
MID CAP GROWTH FUND, MFS NEW :
DISCOVERY FUND, MFS NEW ENDEAVOR :
FUND, MFS RESEARCH FUND, MFS :
STRATEGIC GROWTH FUND, MFS :
TECHNOLOGY FUND, MASSACHUSETTS :
INVESTORS GROWTH STOCK, MFS MID CAP :
VALUE FUND, MFS RESEARCH GROWTH :
AND INCOME FUND, MFS TOTAL RETURN :
FUND, MFS UNION STANDARD EQUITY FUND, :
MFS UTILITIES FUND, MFS VALUE FUND, :
_____ :
[Caption continued on next page]

**MEMORANDUM IN SUPPORT OF THE MOTION OF ROBERT K. WILLMS
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

MASSACHUSETTS INVESTORS TRUST, MFS     :
AGGRESSIVE GROWTH ALLOCATION FUND,    :
MFS CONSERVATIVE ALLOCATION FUND,      :
MFS MODERATE ALLOCATION FUND, MFS      :
BOND FUND, MFS EMERGING MARKETS        :
DEBT FUND, MFS GOVERNMENTAL            :
LIMITED MATURITY FUND, MFS             :
GOVERNMENT MORTGAGE FUND, MFS          :
GOVERNMENT SECURITIES FUND, MFS        :
HIGH INCOME FUND, MFS HIGH YIELD       :
OPPORTUNITIES FUND, BOND FUND, MFS     :
LIMITED MATURITY FUND, MFS RESEARCH    :
BOND FUND, MFS STRATEGIC INCOME FUND, :
MFS ALABAMA MUNICIPAL BOND FUND,       :
MFS ARKANSAS MUNICIPAL BOND            :
FUND, MFS CALIFORNIA MUNICIPAL BOND FUND,  :
MFS FLORIDA MUNICIPAL BOND FUND, MFS   :
GEORGIA MUNICIPAL BOND FUND, MFS       :
MARYLAND MUNICIPAL BOND FUND, MFS      :
MASSACHUSETTS MUNICIPAL BOND FUND,     :
MFS MISSISSIPPI MUNICIPAL BOND FUND,   :
MFS MUNICIPAL BOND FUND, MFS           :
MUNICIPAL LIMITED MATURITY FUND,       :
MFS NEW YORK MUNICIPAL BOND FUND,      :
MFS NORTH CAROLINA MUNICIPAL BOND      :
FUND, MFS PENNSYLVANIA MUNICIPAL       :
BOND FUND, MFS SOUTH CAROLINA          :
MUNICIPAL BOND FUND, MFS TENNESSEE     :
MUNICIPAL BOND FUND, MFS VIRGINIA      :
MUNICIPAL BOND FUND, MFS WEST          :
VIRGINIA MUNICIPAL BOND FUND, MFS      :
EMERGING MARKETS EQUITY FUND, MFS      :
GLOBAL EQUITY FUND, MFS GLOBAL         :
GROWTH FUND, MFS GLOBAL TOTAL          :
RETURN FUND, MFS INTERNATIONAL         :
GROWTH FUND, MFS INTERNATIONAL         :
NEW DISCOVERY FUND, MFS                :
INTERNATIONAL VALUE FUND, MFS          :
RESEARCH INTERNATIONAL FUND, MFS       :
SERIES TRUST VII and ALL DEFENDANTS,   :

Defendants.                    :

                               :

----------------------------------------------------------X

[Additional Captions Set Forth Below]

----------------------------------------------------------X

                               :

OLIVER S. TRONE, Individually, and on Behalf of  :
All Others Similarly Situated,

                               :  Civ. No. 03 CV 12514 (WGY)
            Plaintiff,         :

                               :

        vs.                    :

                               :

MFS CAPITAL OPPORTUNITIES FUND, MFS  :
CORE GROWTH FUND, MFS LARGE CAP
GROWTH FUND, MFS MANAGED SECTORS  :
FUND, MFS MID CAP GROWTH FUND, MFS
NEW DISCOVERY FUND, MFS NEW      :
ENDEAVOR FUND, MFS RESEARCH FUND,
MFS STRATEGIC GROWTH FUND, MFS   :
TECHNOLOGY FUND, MASSACHUSETTS
INVESTORS GROWTH STOCK, MFS MID CAP  :
VALUE FUND, MFS RESEARCH GROWTH
AND INCOME FUND, MFS TOTAL RETURN  :
FUND, MFS UNION STANDARD EQUITY FUND, :
MFS UTILITIES FUND, MFS VALUE FUND,
MASSACHUSETTS INVESTORS TRUST, MFS  :
AGGRESSIVE GROWTH ALLOCATION FUND,  :
MFS CONSERVATIVE ALLOCATION FUND,
MFS MODERATE ALLOCATION FUND, MFS  :
BOND FUND, MFS EMERGING MARKETS
DEBT FUND, MFS GOVERNMENTAL      :
LIMITED MATURITY FUND, MFS       :
GOVERNMENT MORTGAGE FUND, MFS
GOVERNMENT SECURITIES FUND, MFS  :
HIGH INCOME FUND, MFS HIGH YIELD
OPPORTUNITIES FUND, BOND FUND, MFS  :
LIMITED MATURITY FUND, MFS RESEARCH  :
BOND FUND, MFS STRATEGIC INCOME FUND, :
MFS ALABAMA MUNICIPAL BOND FUND,
MFS ARKANSAS MUNICIPAL BOND FUND,  :
MFS CALIFORNIA MUNICIPAL BOND FUND,  :

00001685.WPD ; 1

MFS FLORIDA MUNICIPAL BOND FUND, MFS          :
GEORGIA MUNICIPAL BOND FUND, MFS
MARYLAND MUNICIPAL BOND FUND, MFS             :
MASSACHUSETTS MUNICIPAL BOND FUND,
MFS MISSISSIPPI MUNICIPAL BOND FUND,          :
MFS MUNICIPAL BOND FUND, MFS
MUNICIPAL LIMITED MATURITY FUND,              :
MFS NEW YORK MUNICIPAL BOND FUND,
MFS NORTH CAROLINA MUNICIPAL BOND             :
FUND, MFS PENNSYLVANIA MUNICIPAL
BOND FUND, MFS SOUTH CAROLINA                 :
MUNICIPAL BOND FUND, MFS TENNESSEE
MUNICIPAL BOND FUND, MFS VIRGINIA             :
MUNICIPAL BOND FUND, MFS WEST
VIRGINIA MUNICIPAL BOND FUND, MFS             :
EMERGING MARKETS EQUITY FUND, MFS
GLOBAL EQUITY FUND, MFS GLOBAL                :
GROWTH FUND, MFS GLOBAL TOTAL
RETURN FUND, MFS INTERNATIONAL                :
GROWTH FUND, MFS INTERNATIONAL
NEW DISCOVERY FUND, MFS                        :
INTERNATIONAL VALUE FUND, MFS
RESEARCH INTERNATIONAL FUND, MFS              :
CASH RESERVE FUND, MFS GOVERNMENT
MONEY MARKET FUND, MFS MONEY                  :
MARKET FUND, MFS MUNICIPAL SERIES
TRUST, MFS SERIES TRUST I, MFS SERIES         :
TRUST II, MFS SERIES TRUST III, MFS SERIES
TRUST IV, MFS SERIES TRUST V, MFS SERIES      :
TRUST VI, MFS SERIES TRUST VII, MFS SERIES:
TRUST VIII, MFS SERIES TRUST IX, MFS          :
SERIES TRUST X, MFS SERIES TRUST XI, SUN      :
LIFE FINANCIAL, INC., JOHN DOES 1-100, and    :
ALL DEFENDANTS,
                                              :
                                              :
                      Defendants.             :
                                              :
----------------------------------------------------------------X

```
----------------------------------------------------------------X
                                                      :
DANIELLE ADAMS and                                    :
DEAN DELLAVENTURA, Individually, and on               :
Behalf of All Others Similarly Situated,              :
                                                      : Civ. No. 03 CV 12536 (WGY)
                          Plaintiff,                  :
                                                      :
            vs.                                       :
                                                      :
MFS CAPITAL OPPORTUNITIES FUND, MFS                   :
CORE GROWTH FUND, MFS LARGE CAP                       :
GROWTH FUND, MFS MANAGED SECTORS                     :
FUND, MFS MID CAP GROWTH FUND, MFS                   :
NEW DISCOVERY FUND, MFS NEW                          :
ENDEAVOR FUND, MFS RESEARCH FUND,                    :
MFS STRATEGIC GROWTH FUND, MFS                       :
TECHNOLOGY FUND, MASSACHUSETTS                       :
INVESTORS GROWTH STOCK, MFS MID CAP                  :
VALUE FUND, MFS RESEARCH GROWTH                      :
AND INCOME FUND, MFS TOTAL RETURN                    :
FUND, MFS UNION STANDARD EQUITY FUND, :
MFS UTILITIES FUND, MFS VALUE FUND,                  :
MASSACHUSETTS INVESTORS TRUST, MFS                   :
AGGRESSIVE GROWTH ALLOCATION FUND,                   :
MFS CONSERVATIVE ALLOCATION FUND,                    :
MFS MODERATE ALLOCATION FUND, MFS                    :
BOND FUND, MFS EMERGING MARKETS                      :
DEBT FUND, MFS GOVERNMENTAL                          :
LIMITED MATURITY FUND, MFS                           :
GOVERNMENT MORTGAGE FUND, MFS                        :
GOVERNMENT SECURITIES FUND, MFS                      :
HIGH INCOME FUND, MFS HIGH YIELD                     :
OPPORTUNITIES FUND, BOND FUND, MFS                   :
LIMITED MATURITY FUND, MFS RESEARCH                  :
BOND FUND, MFS STRATEGIC INCOME FUND, :
MFS ALABAMA MUNICIPAL BOND FUND,                     :
MFS ARKANSAS MUNICIPAL BOND FUND,                    :
MFS CALIFORNIA MUNICIPAL BOND FUND,                  :
```

MFS FLORIDA MUNICIPAL BOND FUND, MFS        :
GEORGIA MUNICIPAL BOND FUND, MFS            :
MARYLAND MUNICIPAL BOND FUND, MFS           :
MASSACHUSETTS MUNICIPAL BOND FUND,          :
MFS MISSISSIPPI MUNICIPAL BOND FUND,        :
MFS MUNICIPAL BOND FUND, MFS                :
MUNICIPAL LIMITED MATURITY FUND,            :
MFS NEW YORK MUNICIPAL BOND FUND,           :
MFS NORTH CAROLINA MUNICIPAL BOND           :
FUND, MFS PENNSYLVANIA MUNICIPAL            :
BOND FUND, MFS SOUTH CAROLINA               :
MUNICIPAL BOND FUND, MFS TENNESSEE          :
MUNICIPAL BOND FUND, MFS VIRGINIA           :
MUNICIPAL BOND FUND, MFS WEST               :
VIRGINIA MUNICIPAL BOND FUND, MFS           :
EMERGING MARKETS EQUITY FUND, MFS           :
GLOBAL EQUITY FUND, MFS GLOBAL              :
GROWTH FUND, MFS GLOBAL TOTAL               :
RETURN FUND, MFS INTERNATIONAL              :
GROWTH FUND, MFS INTERNATIONAL              :
NEW DISCOVERY FUND, MFS                     :
INTERNATIONAL VALUE FUND, MFS               :
RESEARCH INTERNATIONAL FUND, MFS            :
CASH RESERVE FUND, MFS GOVERNMENT           :
MONEY MARKET FUND, MFS MONEY                :
MARKET FUND, MFS MUNICIPAL SERIES           :
TRUST, MFS SERIES TRUST I, MFS SERIES       :
TRUST II, MFS SERIES TRUST III, MFS SERIES  :
TRUST IV, MFS SERIES TRUST V, MFS SERIES    :
TRUST VI, MFS SERIES TRUST VII, MFS SERIES  :
TRUST VIII, MFS SERIES TRUST IX, MFS        :
SERIES TRUST X, MFS SERIES TRUST XI, SUN    :
LIFE FINANCIAL, INC., MASSACHUSETTS         :
FINANCIAL SERVICES COMPANY DBA MFS          :
INVESTMENT MANAGEMENT, and JOHN DOES        :
1-100                                       :
                        Defendants.         :
                                            :
                                            :
---------------------------------------------------------------X

------------------------------------------------------------X
:
STEVEN GREENBERG, on Behalf of Himself and          :
All Others Similarly Situated,                                        :
                                                                      : Civ. No. 03 CV 12545 (WGY)
                               Plaintiff,                              :
                                                                      :
             vs.                                                      :
                                                                      :
MASSACHUSETTS  FINANCIAL SERVICES            :
COMPANY, MFS SERIES TRUST I, MFS SERIES      :
TRUST II, MFS SERIES TRUST III, MFS SERIES    :
TRUST IV, MFS SERIES TRUST V, MFS SERIES    :
TRUST VI, MFS SERIES TRUST VII, MFS SERIES :
TRUST VIII, MFS SERIES TRUST IX, MFS           :
SERIES TRUST X, and MFS SERIES TRUST XI,     :
                                                                      :
                               Defendants.                            :
                                                                      :
------------------------------------------------------------X

00001685.WPD ; 1

-----------------------------------------------------------------X
                                                            :
JACOB ELEPHANT, on Behalf of Himself and                    :
All Others Similarly Situated,                              :
                                                            :
                                    Plaintiff,              :        Civ. No. 03 CV 12570 (WGY)
                                                            :
            vs.                                             :
                                                            :
MASSACHUSETTS FINANCIAL SERVICES                            :
COMPANY, MFS INVESTMENT                                     :
MANAGEMENT, SUN LIFE FINANCIAL, INC.,                       :
MFS SERIES TRUST I, MFS SERIES TRUST II,                    :
MFS SERIES TRUST III, MFS SERIES TRUST IV,                  :
MFS SERIES TRUST V, MFS SERIES TRUST VI,                    :
MFS SERIES TRUST VII, MFS SERIES TRUST                      :
VIII, MFS SERIES TRUST IX, MFS SERIES                       :
TRUST X, MFS SERIES TRUST XI, MFS                           :
CAPITAL OPPORTUNITIES FUND, MFS CORE                        :
GROWTH FUND, MFS LARGE CAP GROWTH                           :
FUND, MFS MANAGED SECTORS FUND, MFS                         :
MID CAP GROWTH FUND, MFS NEW                                :
DISCOVERY FUND, MFS NEW ENDEAVOR                            :
FUND, MFS RESEARCH FUND, MFS                                :
STRATEGIC GROWTH FUND, MFS                                  :
TECHNOLOGY FUND, MASSACHUSETTS                              :
INVESTORS GROWTH STOCK, MFS MID CAP                         :
VALUE FUND, MFS RESEARCH GROWTH                             :
AND INCOME FUND, MFS TOTAL RETURN                           :
FUND, MFS UNION STANDARD EQUITY FUND,                       :
MFS UTILITIES FUND, MFS VALUE FUND,                         :
MASSACHUSETTS INVESTORS TRUST, MFS                          :
AGGRESSIVE GROWTH ALLOCATION FUND,                          :
MFS CONSERVATIVE ALLOCATION FUND,                           :
MFS MODERATE ALLOCATION FUND, MFS                           :
BOND FUND, MFS EMERGING MARKETS                             :
DEBT FUND, MFS GOVERNMENTAL                                 :
LIMITED MATURITY FUND, MFS                                  :

00001685.WPD ; 1

GOVERNMENT MORTGAGE FUND, MFS         :
GOVERNMENT SECURITIES FUND, MFS       :
HIGH INCOME FUND, MFS HIGH YIELD      :
OPPORTUNITIES FUND, BOND FUND, MFS    :
LIMITED MATURITY FUND, MFS RESEARCH   :
BOND FUND, MFS STRATEGIC INCOME FUND, :
MFS ALABAMA MUNICIPAL BOND FUND,      :
MFS ARKANSAS MUNICIPAL BOND FUND,     :
MFS CALIFORNIA MUNICIPAL BOND FUND,   :
MFS FLORIDA MUNICIPAL BOND FUND, MFS  :
GEORGIA MUNICIPAL BOND FUND, MFS      :
MARYLAND MUNICIPAL BOND FUND, MFS     :
MASSACHUSETTS MUNICIPAL BOND FUND,    :
MFS MISSISSIPPI MUNICIPAL BOND FUND,  :
MFS MUNICIPAL BOND FUND, MFS          :
MUNICIPAL LIMITED MATURITY FUND,      :
MFS NEW YORK MUNICIPAL BOND FUND,     :
MFS NORTH CAROLINA MUNICIPAL BOND     :
FUND, MFS PENNSYLVANIA MUNICIPAL      :
BOND FUND, MFS SOUTH CAROLINA         :
MUNICIPAL BOND FUND, MFS TENNESSEE    :
MUNICIPAL BOND FUND, MFS VIRGINIA     :
MUNICIPAL BOND FUND, MFS WEST         :
VIRGINIA MUNICIPAL BOND FUND, MFS     :
EMERGING MARKETS EQUITY FUND, MFS     :
GLOBAL EQUITY FUND, MFS GLOBAL        :
GROWTH FUND, MFS GLOBAL TOTAL         :
RETURN FUND, MFS INTERNATIONAL        :
GROWTH FUND, MFS INTERNATIONAL        :
NEW DISCOVERY FUND, MFS               :
INTERNATIONAL VALUE FUND, MFS         :
RESEARCH INTERNATIONAL FUND, JOHN     :
DOES 1-100, and MFS FUNDS             :
                                      :
                      Defendants.     :
-----------------------------------------------------------------X

00001685.WPD ; 1

-----------------------------------------------------------------X

:

YAKOV BURSTEIN, Individually and on Behalf of   :
All Others Similarly Situated,

                                     :

                       Plaintiff,           :    Civ. No. 03 CV 12622 (WGY)

:

        vs.                            :

:

MFS GLOBAL TELECOMMUNICATIONS FUND, :
CAPITAL OPPORTUNITIES FUND, MFS CORE   :
GROWTH FUND, MFS LARGE CAP GROWTH
FUND, MFS MANAGED SECTORS FUND, MFS    :
MID CAP GROWTH FUND, MFS NEW
DISCOVERY FUND, MFS NEW ENDEAVOR       :
FUND, MFS RESEARCH FUND, MFS
STRATEGIC GROWTH FUND, MFS             :
TECHNOLOGY FUND, MASSACHUSETTS
INVESTORS GROWTH STOCK, MFS MID CAP    :
VALUE FUND, MFS RESEARCH GROWTH
AND INCOME FUND, MFS TOTAL RETURN      :
FUND, MFS UNION STANDARD EQUITY FUND, :
MFS UTILITIES FUND, MFS VALUE FUND,
MASSACHUSETTS INVESTORS TRUST, MFS     :
AGGRESSIVE GROWTH ALLOCATION FUND,
MFS CONSERVATIVE ALLOCATION FUND,      :
MFS MODERATE ALLOCATION FUND, MFS
BOND FUND, MFS EMERGING MARKETS        :
DEBT FUND, MFS GOVERNMENTAL
LIMITED MATURITY FUND, MFS             :
GOVERNMENT MORTGAGE FUND, MFS
GOVERNMENT SECURITIES FUND, MFS        :
HIGH INCOME FUND, MFS HIGH YIELD
OPPORTUNITIES FUND, BOND FUND, MFS     :
LIMITED MATURITY FUND, MFS RESEARCH
BOND FUND, MFS STRATEGIC INCOME FUND, :
MFS ALABAMA MUNICIPAL BOND FUND,       :

00001685.WPD ; 1

MFS ARKANSAS MUNICIPAL BOND FUND,         :
MFS CALIFORNIA MUNICIPAL BOND FUND,       :
MFS FLORIDA MUNICIPAL BOND FUND, MFS      :
GEORGIA MUNICIPAL BOND FUND, MFS          :
MARYLAND MUNICIPAL BOND FUND, MFS         :
MASSACHUSETTS MUNICIPAL BOND FUND,        :
MFS MISSISSIPPI MUNICIPAL BOND FUND,      :
MFS MUNICIPAL BOND FUND, MFS              :
MUNICIPAL LIMITED MATURITY FUND,          :
MFS NEW YORK MUNICIPAL BOND FUND,         :
MFS NORTH CAROLINA MUNICIPAL BOND         :
FUND, MFS PENNSYLVANIA MUNICIPAL          :
BOND FUND, MFS SOUTH CAROLINA             :
MUNICIPAL BOND FUND, MFS TENNESSEE        :
MUNICIPAL BOND FUND, MFS VIRGINIA         :
MUNICIPAL BOND FUND, MFS WEST             :
VIRGINIA MUNICIPAL BOND FUND, MFS         :
EMERGING MARKETS EQUITY FUND, MFS         :
GLOBAL EQUITY FUND, MFS GLOBAL            :
GROWTH FUND, MFS GLOBAL TOTAL             :
RETURN FUND, MFS INTERNATIONAL            :
GROWTH FUND, MFS INTERNATIONAL            :
NEW DISCOVERY FUND, MFS                   :
INTERNATIONAL VALUE FUND, MFS             :
RESEARCH INTERNATIONAL FUND, MFS          :
CASH RESERVE FUND, MFS GOVERNMENT         :
MONEY MARKET FUND, MFS                    :
GOVERMENT MONEY MARKET FUND, MFS          :
FUNDS, MFS MUNICIPAL SERIES TRUST,        :
MFS SERIES TRUST I, MFS SERIES TRUST II,  :
MFS SERIES TRUST III, MFS SERIES TRUST IV, :
MFS SERIES TRUST V,MFS SERIES TRUST VII,  :
MFS SERIES TRUST VIII, MFS SERIES TRUST   :
IX, MFS SERIES TRUST X, MFS SERIES TRUST  :
XI, MFS FUND REGISTRANTS, SUN LIFE        :
FINANCIAL, INC., MASSACHUSETTS            :
FINANCIAL SERVICES COMPANY DBA MFS        :
INVESTMENT MANAGEMENT, JOHN DOES          :
1-100, MFS and SERIES TRUST VI,           :
                                          :
                    Defendants.           :
-----------------------------------------------------------------X

00001685.WPD ; 1

## PRELIMINARY STATEMENT

Presently pending before this Court are multiple related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of shares of the MFS Family of Funds, which are managed by Massachusetts Financial Services Company during the period between December 15, 1998 and December 8, 2003 and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Class Member Robert K. Willms hereby moves this Court for an order to: (i) consolidate the Actions; (ii) appoint Robert K. Willms as Lead Plaintiff in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Robert K. Willms' selection of the law firm of Cauley Geller Bowman & Rudman, LLP ("Cauley Geller") to serve as Lead Counsel and the law firm of Gilman & Pastor to serve as Liaison Counsel.

This motion is made on the grounds that Robert K. Willms is the most adequate plaintiff, as defined by the PSLRA. Robert K. Willms purchased 76,883.916 shares of MFS Funds during the Class Period.[1] See Pastor Decl. Ex. B.[2] In addition, Robert K. Willms, for the purposes of

---

[1]    The losses suffered by Robert K. Willms are not the same as his legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certifications required under Section 21D of the Exchange Act and based upon reference

this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil

Procedure in that his claims are typical of the claims of the putative class and that he will fairly

and adequately represent the interests of the class.

### FACTUAL BACKGROUND [3]

Massachusetts Financial Services, a subsidiary of Sun Life Financial, Inc. is the

investment advisor for each fund in the MFS Family of Funds.

The complaint charges Massachusetts Financial Services Company, MFS Investment

Management, Sun Life Financial, Inc. MFS Series Trust I, MFS Series Trust II, MFS Series Trust

III, MFS Series Trust IV, MFS Series Trust V, MFS Series Trust VI, MFS Series Trust VII, MFS

Series Trust VIII, MFS Series Trust IX, MFS Series Trust X, MFS Series Trust XI, MFS Mutual

Funds, and the Doe Defendants with violations of the Securities Act of 1933 (the "Securities

Act"), the Securities Exchange Act of 1934 (the "Exchange Act"), among other claims, and for

common law breach of fiduciary duties. The Complaint alleges that during the Class Period the

defendants engaged in illegal and improper trading practices, in concert with certain institutional

traders, which caused financial injury to the shareholders of the MFS Mutual Funds. According

to the Complaint, the Defendants surreptitiously permitted certain favored investors, including

---

to information concerning the current market for the Company's securities. Robert K. Willms'
transactions in Shares of the MFS Family of Funds are set forth in the accompanying chart.

[2]    References to the "Pastor Decl., Ex. __" are to the exhibits attached to the
accompanying Declaration of David Pastor dated February 9, 2004 and submitted herewith.

[3]    These facts are drawn from the allegations in the complaint captioned Bruce
Riggs v. Massachusetts Financial Services Company, et al., 03-cv-12500 (WGY) (the "Riggs
Action").

the Doe Defendants, to illegally engage in "timing" of the MFS Mutual Funds whereby these favored investors were permitted to conduct short-term, "in and out" trading of mutual fund shares, despite explicit restrictions on such activity in the MFS Mutual Funds' prospectuses.

Prior to the filing of the complaint, the SEC, along with the New York Attorney General's Office and the New Hampshire Bureau of Securities Regulation, commenced an investigation with regard to market timing trading in certain MFS mutual funds[4].

On February 5, 2004, the SEC announced a settled enforcement action against Massachusetts Financial Services Co., its chief executive officer John W. Ballen, and its president and chief equity officer Kevin R. Parke, for violating federal securities laws by allowing widespread market timing trading in certain MFS mutual funds in contravention of those funds' public disclosures.

## ARGUMENT

### POINT I

### THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions each assert class claims on behalf of the purchasers of shares of the MFS Family of Funds for alleged violations of the Exchange Act during the relevant time period. The Actions name virtually the same defendants and involve the same factual and legal issues. They

---

[4]     In particular, the complaint cited the following funds that MFS allowed to be timed: MFS Emerging Growth Fund, MFS Research Fund, MFS Value Fund, Massachusetts Investors Trust, Massachusetts Investors Growth Stock Fund, MFS Total Return Fund, MFS Government Securities Fund, MFS Government Mortgage Fund, MFS Bond Fund, MFS Money Market Fund and MFS Cash Reserves Fund. Within those funds, Robert K. Willms purchased $118,960.68 worth of the MFS Value Fund, $324,016.01 worth of MFS Emerging Growth Fund, $326,530.03 worth of the Massachusetts Investors Growth Stock Fund and $179,178.61 worth of the Massachusetts Investors Trust. See Pastor Decl. Ex. B.

are each brought by investors who purchased shares of the MFS Family of Funds during the relevant time period in reliance on the integrity of the market for such securities and were injured thereby. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). See Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (3d Cir.) (1990). That test is met here and, accordingly, the Actions should be consolidated.

**POINT II**

**ROBERT K. WILLMS SHOULD
BE APPOINTED LEAD PLAINTIFF**

**A.    The Procedure Required By The PSLRA**

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiff in the Riggs Action caused the first notice regarding the pendency of these actions to be published on PR Newswire, a national, business-oriented newswire service, on December 11, 2003. See Pastor Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the

Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> > (aa) has either filed the complaint or made a motion in response to a notice...
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. 78u-4(a)(3)(B)(iii). See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).

## B.    Robert K. Willms Satisfies the "Lead Plaintiff" Requirements Of The Exchange Act

### 1.    Robert K. Willms Has Complied With The Exchange Act And Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on February 9, 2004. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on December 11, 2003), Robert K. Willms timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Robert K. Willms has duly signed and filed a certification stating that he is willing to

serve as the representative party on behalf of the class. See Pastor Decl. Ex. C. In addition, Robert K. Willms has selected and retained competent counsel to represent him and the class. See Pastor Decl. Exs. D-E. Accordingly, Robert K. Willms has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

### 2. Robert K. Willms Has The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, see Pastor Decl. Ex. C., Robert K. Willms purchased 76,883.916 shares of MFS Funds and was injured thereby. Robert K. Willms thus has a significant financial interest in this case. Therefore, Robert K. Willms satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3. Robert K. Willms Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and

adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997); Fischler v. Amsouth Bancorporation, No. 96-1567-Civ -T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997). Robert K. Willms satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. See Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. Phillips v.

Joint Legislative Comm. on Performance & Expenditure Review, 637 F.2d 1014, 1024 (5th Cir. 1981).

Robert K. Willms satisfies this requirement because, just like all other class members, he: (1) purchased shares of the MFS Family of Funds during the Class Period; and (2) suffered damages thereby. Thus, Robert K. Willms' claim is typical of those of other class members since his claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Robert K. Willms to represent the class to the existence of any conflicts between the interests of Robert K. Willms and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Modell v. Eliot Sav. Bank, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Robert K. Willms is an adequate representative of the class. As evidenced by the injuries suffered by Robert K. Willms, who purchased Shares of the MFS Family of Funds, the interest of Robert K. Willms is clearly aligned with the members of the class, and there is no evidence of any antagonism between Robert K. Willms' interest and those of the other members of the class. Further, Robert K. Willms has taken significant steps which demonstrate that he will protect the interests of the class: he has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Robert K. Willms' proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a

professional manner.  Thus, Robert K. Willms prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## POINT III

## THE COURT SHOULD APPROVE THE ROBERT K. WILLMS' CHOICE OF COUNSEL

Pursuant to 15 U.S.C.  § 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Robert K. Willms has selected the law firm of Cauley Geller as Lead Counsel and the law firm of Gilman and Pastor, LLP as Liaison Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions.  See Pastor Decl. Exs. D-E. Accordingly, the Court should approve Robert K. Willms' selection of counsel.

## CONCLUSION

For all the foregoing reasons, Robert K. Willms respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Robert K. Willms as Lead Plaintiff in the Actions; (iii)

approve his selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED: February 9, 2004

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

By: _____
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts 01906
Telephone:    (781) 231-7850
Facsimile:    (781) 231-7840

**Proposed Liaison Counsel**

**CAULEY GELLER BOWMAN
  & RUDMAN, LLP**
Samuel H. Rudman
David A. Rosenfeld
Mario Alba Jr.
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone:    (631) 367-7100
Facsimile:    (631) 367-1173

**Proposed Lead Counsel**